Merrimack, }
June, 1896. }

## BROWN v. CONCORD & MONTREAL RAILROAD.

In an action for personal injuries, the plaintiff will not be chargeable with contributory negligence, as matter of law, because, after discovering that a board was sawed badly on one side of a circular saw, he attempted to run it through on the opposite side.

CASE, for personal injuries caused by the defendants' circular saw in their shop at Concord. Trial by jury and verdict for the plaintiff.

The plaintiff's evidence tended to show that he had never seen the saw until the time of the accident; that he was directed to use it for sawing a board which he needed in his work; that he ran the board through on the right side of the saw, and found it was sawed badly and crooked; that he then ran it through on the left side of the saw; that the saw caught the board just after it had got by the cutting part, turned it over, and threw his hand upon the saw, causing the injuries; that the catching of the board was caused by the defective condition of the saw. The defendants' motion for a nonsuit was denied, subject to exception.

*Sargent & Hollis* and *John H. Albin*, for the plaintiff.

*Frank S. Streeter* and *John M. Mitchell*, for the defendants.

BLODGETT, J.  The motion for a nonsuit was properly denied. Manifestly, it cannot be held as matter of law that merely because the board "was sawed badly and crooked" upon the plaintiff's first attempt to run it through on the right side of the saw, he was guilty of contributory negligence, and assumed the risk of the resulting injury, in changing the board to the other side of the saw and attempting to run it through again. Not only has the determination of such questions in this jurisdiction been relegated to the decision of the jury, under proper instructions of the court, by a long and unbroken line of decisions, but, in addition, it may properly be observed that if this case were one of new impression, nothing appears which would justify the granting of the defendants' motion under the circumstances attending the plaintiff's injury.

The defendants' exceptions to evidence, not having been insisted upon at the argument, have not been considered.

*Judgment on the verdict.*

CLARK, CHASE, and WALLACE, JJ., did not sit: the others concurred.